## PROCEEDINGS FOR REVERSAL OF AN ORDER APPOINTING AN ADMINISTRATRIX DE BONIS NON.

Common Pleas Court of Hamilton County.

LOUISA A. GARTNER, EXECUTRIX, v. ANNA M. MEYER, ADMINISTRATRIX DE BONIS NON, ETC.

Decided, January 13, 1917.

*Estates of Decedents—Rights of Executrix of Deceased Administrator —Not Affected by Appointment of an Administrator de bonis non —Exclusive Jurisdiction of Probate Court in Appointment of Administrator de bonis non.*

1. No substantial right of an executrix of a deceased administrator is affected by an order of the probate court appointing an administratrix *de bonis non* for the estate of which said decedent was administrator, and therefore such executrix is not entitled, under the statute, to prosecute proceedings in error to reverse said order of the probate court.

2. The jurisdiction of the probate court in the matter of appointing an administratrix *de bonis non* is exclusive, and error will not lie to reverse an order of the probate court appointing such administratrix where the record does not show that the probate court, without sufficient cause, denied the right of appointment to some one who by statute is entitled to preference in appointment.

*Hicks & Hicks* and *James R. Jordan,* for plaintiff in error.
*Spangenberg & Spangenberg* and *Gardner & Freking,* contra.

GEOGHEGAN, J.

This is a proceeding in error to reverse a judgment of the probate court appointing the defendant in error as administratrix *de bonis non* of the estate of Joseph C. Meyer, deceased. The plaintiff in error is the executrix of the last will and testament of Joseph F. Meyer, deceased. Joseph F. Meyer was the son of the said Joseph C. Meyer and the said Anna M. Meyer, who was appointed administratrix *de bonis non* of the estate of the said Joseph C. Meyer. The plaintiff in error, as such executrix,

brings this proceeding in error to reverse the judgment of the probate court appointing the said Anna M. Meyer as said administratrix *de bonis non*.

When the case came on to be heard a motion was filed by the said Anna M. Meyer, administratrix *de bonis non*, to dismiss these proceedings in error for two reasons; first, because the jurisdiction of the probate court in the matter of appointing administrators and executors is exclusive, and error will not lie to reverse the action of that court in appointing the said administratrix *de bonis non;* and second, because no substantial right of the present plaintiff in error as executrix of the estate of Joseph F. Meyer, deceased, has been affected by the order of the probate court in appointing said administratrix *de bonis non.*

I am of the opinion that this motion is well taken. Section 10492, General Code, in so far as it applies to the matters herein in controversy, is as follows:

"Except as hereinafter provided, the probate court shall have exclusive jurisdiction; * * *

"2. To grant and revoke letters testamentary and of administration."

In construing this statute the Circuit Court of Lucas County, in the case of *Stafford, Excr.,* v. *American Missionary Association,* 22 C. C., 399, at page 402, say:

"Section 524 of the Revised Statutes of Ohio provides:

" 'The probate court shall have exclusive jurisdiction except as hereinafter provided . * * * to grant and revoke letters testamentary and of administration.'

"It is contended on behalf of the defendants in error that this means exclusive and final jurisdiction, not simply exclusive, original jurisdiction, but exclusive jurisdiction in the strict sense of the terms; that no other court shall have jurisdiction over the matter, either original or by way of appeal or a proceeding in error, unless other provisions therefor shall be found in the statutes; and the court of common pleas took this view of the statute, and we are of the opinion that that is a proper interpretation of the statute."

That decision was rendered in the January term, 1902.

This decision would seem to dispose of the question involved in this motion, unless, as is stated in the opinion of the court, there are other provisions to be found in the statutes whereby the right to review an order of the probate court in granting or revoking letters testamentary and of administration is expressly granted. Now the section giving the right to prosecute a proceeding in error to the probate court is found among the provisions of Section 12241 of the General Code, which reads as follows:

"An order made by a probate court removing or refusing to remove an executor, administrator, guardian, assignee, trustee or other officer appointed by a probate court, and a judgment rendered or final order made by a probate court, insolvency court, justice of the peace or any other tribunal, board, or officer, exercising judicial functions, and inferior to the court of common pleas, may be reversed, vacated, or modified by the common pleas court."

This statute was originally passed in 1853 as Section 512 of the Code of Civil Procedure, and is found in 51 O. L., page 145. At that time and for a long time subsequent to its passage the said section did not have in it the language:

"An order made by a probate court removing or refusing to remove an executor, administrator, guardian, assignee, trustee or other officer appointed by the probate court,"

and in the January term, 1900, in the case of *Monger* v. *Jeffries,* 62 Ohio St., 149, the Supreme Court of Ohio held that—

"An order of the probate court removing an executor is not the subject of review on petition in error in the court of common pleas."

Evidently, in order to avoid the effect of that decision and to make such an order as was spoken of in that case reviewable, the Legislature on May 6, 1902, amended said original Section 512, then known as Section 6708 of the Revised Statutes, by placing in it the language heretofore quoted. It therefore is obvious that the Legislature, as a direct result of a decision in *Monger* v.

*Jeffries,* intended to provide a means of review to persons who were aggrieved by the action of a probate court in either removing or refusing to remove an executor or administrator, and if the Legislature intended to provide for a review from an order of the probate court appointing an administrator it would have said so in so many words. The right to have a review of a final order of the probate court has existed since 1853, but up to the passage of the amendment to Section 512 of the Code of Civil Procedure, as set forth above, the order of the probate court in appointing or removing or refusing to remove an administrator could not be considered a final order, because, certainly, if the order of a probate court in removing an administrator or refusing to remove one could not be considered a final order, the order of the probate court in appointing an administrator where no question is made that the person appointed is not one of the classes of persons entitled to preference in appointment under the statute, must by a parity of reasoning be held not to be a final order.

Now in this case, the person appointed is the living next of kin of the decedent. She is his widow, and his only other next of kin left surviving him was his son, who was the administrator originally appointed and who is now dead and whose executrix is now prosecuting this proceeding in error. Therefore, the mere appointment of this administratrix *de bonis non* by the probate court is not reviewable unless connected with circumstances showing a denial without sufficient cause of the right of appointment, existing in some one who by statute is entitled to preference in appointment.

There is a good reason for holding that an order by a probate court appointing an administrator is ordinarily not reviewable. The probate court has a wide discretion in the matter of the estate of deceased persons. The administrator not only represents the estate, but is also an officer of the court, and while it is true that the statute imposes upon the probate court the duty of appointing persons named by the statute as entitled to appointment, this is not an absolute duty, but rests in the sound discretion of that court; and if that court finds that the person

entitled to appointment is not a fit and suitable person, it is not only the right, but the duty, of the probate court to appoint some proper and suitable person to act as administrator.

This proposition is clearly established in the case of *Miller* v. *Miller*, 19 C.C.(N.S.), 243, wherein it was held that—

"An order by the probate court appointing as administrator of the estate of a decedent a person other than the one named in the will is not subject to review by appeal, where there is a finding by the probate court that the applicant for appointment designated in the will is not a suitable person to administer the estate,"

and the court in discussing therein the provisions of Section 10859, General Code, providing when appeals may be taken to the common pleas from an order, etc., of the probate court, definitely points out that the section is limited to proceedings affecting orders of distribution and can not be made to apply to orders affecting original appointment of executors and administrators where the discretion of the original court is involved.

Now I take it that there is no substantial distinction between appeal and error in matters of this kind. Practically they are the same, their only difference being a mere matter of procedure, the ultimate purpose of either being to obtain a review of the action of the lower court; nor is the order of appointment herein a final order as contemplated by the code. A final order is defined by Section 12258 of the General Code as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title."

Now the question naturally arises, how is any substantial right of the plaintiff in error affected by this order of the probate court appointing the administratrix *de bonis non*. The plaintiff in error is merely executrix of the deceased administrator. She has no right to interfere with or to carry on the

administration of the estate of which her decedent was administrator; therefore, this proceeding affects no substantial right accruing to her in her fiduciary capacity.

It is a fundamental rule too well known to need citation of authorities, that a person who seeks reversal or modification of a judgment or order must be one whose substantial rights are affected thereby, and I can not see by what process of reasoning an executrix of a deceased administrator is affected in her substantial rights by the appointment of an administratrix *de bonis non* for the purpose of winding up an estate which the deceased administrator failed to wind up. If the executrix has any defense to any claim that might be asserted against her decedent as administrator, that is a matter which should be determined when the claim is presented, but can not be made the basis of a contention by the executrix that the appointment of the administratrix *de bonis non* might affect some substantial right of hers.

I have examined the cases cited by counsel for the defendant in error upon this motion and they can be disposed of as in no way affecting the ruling herein. In *Todhunter* v. *Stewart,* 39 Ohio St., 181, the court appointed an administrator without giving the next of kin an opportunity to apply for appointment. The probate court *refused the application of the next of kin* to have one of their number appointed, and the Supreme Court simply held in that case that the action of the probate court was erroneous in its refusal to remove the administrator it had appointed and appoint the person whom the next of kin had designated. The report of that case does not disclose that any question was made at any time as to the right of the contesting parties to prosecute error, but I am free to admit that irrespective of the making of that question, the order denying the next of kin their right to appointment without setting forth the reasons therefor, showing that the court was denying it in the exercise of his proper discretion would be an order affecting a substantial right.

In the case of *Schumacher* v. *McCallip et al,* 69 Ohio St., 500, the Supreme Court simply followed the ruling in *Todhunter* v.

*Stewart, supra,* and held that under the authority of that case an order of a probate court denying the right of administration which the statute confers upon the next of kin is reviewable. In the case, also, there was *a refusal to appoint* the next of kin on the ground of unsuitability. And in *Hare* v. *Sears, Guardian,* 4 N.P.(N.S.), 566, the Common Pleas Court of Wyandotte County entertained a proceeding in error in a case where the probate court appointed a stranger as guardian of a minor child over the protest and objection of its father, the court holding that the father, having a natural right to the care and custody of his child, an order denying him that right was one affecting a substantial right which might be reviewable on error. The final order in that case was the denial of the application of the father to be appointed.

As pointed out here, even though one were to concede that an order of the probate court appointing an administrator *de bonis non* under such circumstances as herein disclosed is reviewable on error, certainly such an order does not affect the substantial rights of the executrix of the deceased administrator, and therefore she can have no right to prosecute error proceedings.

I am, therefore, of the opinion that the motion to dismiss the petition in error should be granted, and an order will be made accordingly.

Having come to this conclusion it becomes unnecessary to discuss the propositions cited by counsel with reference to the merits of this controversy.